Justice BEASLEY,
concurring in part and dissenting in part.
I concur with the majority that Comment (g) in the Restatement (Second) of Torts § 653 (1977) is the proper standard to define *516 whether a party “initiated” the earlier proceeding in a malicious prosecution claim. I would, however, remand the case to the trial court to make findings of fact and conclusions of law applying the standard announced today, as is appropriate for a trial court rather than an appellate court, and therefore I dissent in part. See Whitacre P’ship v. Biosignia, Inc., 358 N.C. 1, 38, 591 S.E.2d 870, 894 (2004) (“This disposition [of remand] reflects trial courts’ ‘institutional advantages’ over appellate courts in the ‘application of facts to fact-dependent legal standards.’ ” (quoting Augur v. Augur, 356 N.C. 582, 586, 573 S.E.2d 125, 129 (2002)).
North Carolina law requires a plaintiff to prove four elements to prevail on a malicious prosecution claim: “(1) defendant initiated the earlier proceeding; (2) malice on the part of defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff.” Best v. Duke Univ., 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994) (citation omitted). This case provides clarity regarding the first element. Id.
A private person who gives to a public official information of another’s supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief was one that a reasonable man would not entertain. The exercise of the officer’s discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.
Restatement (Second) of Torts § 653 cmt. g (1977).
Whether plaintiff initiated the earlier proceeding is a conclusion of law, but this conclusion of law, like any other conclusion of law, is dependent upon factual support. See, e.g., Scarborough v. Dillard’s, Inc., 363 N.C. 715, 722, 693 S.E.2d 640, 644 (2009), cert. denied, U.S. —, 131 S. Ct. 2456 (2011). When a party has failed to challenge the findings of fact, the findings are binding on the appellate court. *517 Id. (citations omitted). The trial court’s conclusions of law are reviewed de novo. Id. (citations omitted).
Here, plaintiff did not challenge the trial court’s findings of fact as findings of fact] rather, plaintiff challenged what the trial court labeled “findings of fact,” but argued such “findings” were actually conclusions of law. In essence, plaintiff challenged the trial court’s conclusions of law and allowed the court’s findings of fact to go unchallenged. Thus, the trial court’s correctly labeled findings of fact are binding on this Court, though conclusions of law are reviewed de novo.
The majority’s opinion, written under the guise of de novo review, necessarily requires findings of fact that the trial court did not make— findings whether Sergeant Lucas exercised “uncontrolled discretion” in charging defendant Volpe with obtaining property by false pretenses. Restatement (Second) of Torts § 653 cmt. g. Sergeant Lucas’s exercise of discretion is evidenced by actions that, by the majority’s own definition, are appropriately considered findings of fact. I cannot fault the trial court for not making findings of fact regarding whether Sergeant Lucas exercised independent discretion because we had not yet established that Comment (g) is the appropriate standard by which to determine whether plaintiff “initiated the earlier proceeding.” The need for further fact-finding distinguishes the instant case from IMT, Inc. v. City of Lumberton, — N.C. —, 738 S.E.2d 156 (2013), “in which the material facts necessary to determine the legal question [were] uncontested.” Id. at —, 738 S.E.2d at 160. The trial court, if provided the opportunity to make the appropriate findings of fact, might agree that there is “no doubt” that Sergeant Lucas exercised independent discretion in charging defendant Volpe based on the evidence presented, but we are not a fact-finding court. We lack material findings of fact necessary to answer the legal question in this case, and this Court should not engage in the fact-finding process. Godfrey v. Zoning Bd. of Adjust, of Union Cnty., 317 N.C. 51, 63, 344 S.E.2d 272, 279 (1986) (“Fact[-]finding is not a function of our appellate courts.”). Therefore, remand is the only appropriate disposition.
For the reasons stated above, I respectfully concur with the majority’s recognition of the Restatement to define when a party “initiated the earlier proceeding” and dissent from the majority’s mandate to reverse rather than to remand for appropriate findings of fact and conclusions of law under the standard recognized today.
Justice HUDSON joins in this opinion concurring in part and dissenting in part.